UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Chappell,<br><br>　　　　Petitioner<br><br>v.<br><br>Timothy Filson, et al.,<br><br>　　　　Respondents | 2:16-cv-00645-JAD-VCF<br><br>**Order Granting Motion for Stay and Abeyance**<br><br>[ECF No. 29] |

　　　This is a capital habeas case. Petitioner James Chappell, who is represented by the Federal Public Defender, requests an order staying and holding in abeyance this case pending the complete exhaustion of his claims in state court.[1] Because I find that there was good cause for Chappell's failure to first exhaust his claims in state court and his claims are not plainly meritless, I grant his motion.

**Discussion**

　　　As the United States Supreme Court explained in *Rhines v. Weber*, stay and abeyance should be available "only in limited circumstances" and only when "there was good cause for the petitioner's failure to exhaust his claims first in state court" and the claims are not "plainly meritless."[2] *Rhines* does not state or suggest that *every* unexhausted claim in the petition must individually satisfy these requirements before a stay is permitted, and I need not conduct a claim-by-claim analysis of each claim to determine whether a stay is warranted. In his motion, Chappell focuses on claims 1, 3, and 15(G) of his petition to argue that a stay is appropriate. I address claims one and three only.

　　　Claim one is an ineffective-assistance-of-trial-counsel claim during the guilt phase of the

---

[1] ECF No. 29.

[2] *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

trial, and claim three is a claim that his trial counsel was ineffective during the penalty phase.[3] Chappell concedes that these claims are at least partially unexhausted, and he requests a stay while he exhausts those claims—and any other unexhausted claims—in a state-court habeas action, which he intends to file by November 17, 2016.

Chappell has shown good cause for failure to exhaust claims one and three in state court. He alleges that the attorneys who handled his state-court habeas actions were ineffective for failing to discover and raise these claims.[4] The Supreme Court has held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[5] And the Ninth Circuit Court of Appeals has held that this type of ineffective assistance in an initial-review collateral proceeding can also be good cause for a *Rhines* stay.[6]

Chappell has also shown that claims one and three are at least potentially meritorious, and the record does not reflect that he has engaged in intentionally dilatory litigation tactics. In exercising my discretion to stay this case, I am also conscious of the Nevada Supreme Court's decision in *Crump v. Warden* under which it appears there is a possibility that the Nevada courts will consider Chappell's unexhausted claims on their merits at this juncture.[7] I therefore find that the requirements for a stay of this action pending exhaustion of Chappell's claims in state court have been met, and I grant Chappell's motion for that relief.

---

[3] ECF No. 24 at 12–80, 81–92.

[4] ECF No. 29 at 9–13.

[5] *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012).

[6] *Blake v. Barker*, 745 F.3d 977, 982–94 (9th Cir. 2014).

[7] *Crump v. Warden*, 934 P.2d 247 (1997).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Chappell's motion for stay and abeyance **[ECF No. 29] is GRANTED**. This action is STAYED pending Chappell's exhaustion of his federal habeas claims in state court. Chappell must file a motion to lift the stay within **30 days** of the conclusion of his state-court habeas proceedings.

IT IS FURTHER ORDERED that Chappell must file and serve a status report describing the status of his state-court proceedings by **December 15, 2016.** Thereafter, during the stay of this action, Chappell must file a status report every six months. Respondents may, if necessary, file and serve a response to any such status report within 15 days after its service. If necessary, Chappell may then file a reply within 15 days of service of the response.

IT IS FURTHER ORDERED that this action may be dismissed, upon motion by respondents, if Chappell does not comply with the deadlines in this order or if he otherwise fails to proceed diligently through the stay period.

Dated: November 1, 2016.

_____
Jennifer A. Dorsey
United States District Judge