# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| James Chappell,<br><br>  Petitioner<br><br>v.<br><br>William Reubart,[1] et al.,<br><br>  Defendants | Case No.: 2:16-cv-00645-JAD-VCF<br><br>**Order Reopening Case and Scheduling Further Proceedings**<br><br>[ECF No. 56] |

Petitioner James Chappell moves to vacate the stay I imposed on November 1, 2016,[2] and to reopen this capital habeas corpus action.[3]  The purpose of the stay was to allow Chappell to exhaust claims in state court.  In his motion, Chappel states that his state-court proceedings have concluded.  Respondents do not oppose the motion.[4]  Good cause appearing, I grant the motion and schedule further proceedings.

**IT IS THEREFORE ORDERED** that Chappell's Motion to Vacate Stay and Reopen Capital Habeas Proceedings **[ECF No. 56] is granted**.  The stay of this action is lifted.

**IT IS FURTHER ORDERED** that the following schedule will govern further proceedings in this action:

**1. Amended Petition**.  Chappell has until February 21, 2023, to file a second amended petition for writ of habeas corpus.  The second amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted

---

[1] Chappell's current custodian, William Reubart, is substituted for Timothy Filson as the primary respondent in this case.  *See* Fed. R. Civ. P. 25(d).

[2] ECF No. 36.

[3] ECF No. 56.

[4] ECF No. 57.

in state court, the second amended petition must state how, when, and where that occurred.

**2. Response to Petition**.  Respondents will have **60 days** following the filing of the second amended petition to file an answer or other response to the second amended petition.

**3. Reply and Response to Reply.**  Chappell will have **45 days** following the filing of an answer to file a reply.  Respondents will thereafter have **30 days** following the filing of a reply to file a response to the reply.

**4. Briefing for Motion to Dismiss.**  If Respondents file a motion to dismiss, Chappell will have **60 days** following service of the motion to file a response to the motion.  Respondents will thereafter have **30 days** following the filing of the response to file a reply.

**5. Discovery.**  If Chappell wishes to move for leave to conduct discovery, he must file such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for leave to conduct discovery filed by Chappell before that time may be considered premature, and may be denied without prejudice on that basis.  Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Chappell's reply.  Thereafter, Chappell will have **20 days** to file a reply in support of the motion for leave to conduct discovery.

**6. Evidentiary Hearing.**  To request an evidentiary hearing, Chappell must file a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer.  Any such motion filed by Chappell before that time may be considered premature, and may be denied without prejudice on that basis.  The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court and, if so, state where the transcript

is located in the record. If Chappell files a motion for an evidentiary hearing, respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Chappell's reply. Thereafter, Chappell will have **20 days** to file and serve a reply in support of the motion for an evidentiary hearing.

Dated: December 20, 2022

_____
Jennifer A. Dorsey
United States District Judge

3