UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Chappell,<br><br>            Petitioner<br><br>v.<br><br>William Gittere, et al.,<br><br>            Respondents | Case No.: 2:16-cv-00645-JAD-VCF<br><br>**Order Granting in Part Motion for a More Definite Statement and Extending Time for Respondents to File a Response**<br><br>[ECF Nos. 68, 71] |

In response to James Chappell's second amended petition for writ of habeas corpus,[1] respondents move for compliance with Rule 2 or for a more definite statement.[2] They argue that the petition fails to specify when, where, and how Chappell exhausted his habeas claims on a claim-by-claim basis. Although I find that Chappell has provided an adequate statement of exhaustion for most of his claims, this is not true for Claims One and Three. So I grant the motion in part and direct Chappell to file a statement of exhaustion for Claims One and Three by September 26, 2023. I also grant respondents' unopposed motion for additional time[3] to file a more comprehensive response to Chappell's petition.

**Discussion**

The court's December 20, 2022, scheduling order included the following provision: "The second amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second

---

[1] ECF No. 64
[2] ECF No. 68.
[3] ECF No. 71.

amended petition must state how, when, and where that occurred."[4]  In addition, the Rules Governing Section 2254 Cases in the United States District Court (Habeas Rules) provide that "[a] petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."[5]  Both the form appended to the Habeas Rules and the one prescribed by this court's local rules require a petitioner to specify whether and how he exhausted each of his claims in state court.[6]

Having reviewed the second amended petition, I find that Chappell provides an adequate statement of exhaustion for Claim Two and Claims Four through Twenty-Six.  But the statements for Claims One and Three fail to comply with my prior order and the Habeas Rules.  Claim One challenges the performance of Chappell's counsel in the guilt phase of his trial.[7]  Claim Three challenges counsel's performance in the penalty phase.[8]  Each claim contains numerous sub-claims challenging various aspects of counsel's performance that, for the most part, must be treated as individual claims for relief.[9]  Thus, Chappell's broad and ambiguous statements of exhaustion for Claims One and Three[10]—both of which refer to the respective claims in the singular—place the burden on the respondents to search through the state-court record for exhaustion information that should be included in Chappell's petition.  So I grant the respondents' motion for a more definite statement only on Claims One and Three, and I order

---

[4] ECF No. 58 at 1-2.

[5] Habeas Rule 2(d).

[6] ECF Nos. 68-1 and 68-2.

[7] ECF No. 64 at 31-116.

[8] *Id*. at 131-240.

[9] *See Bell v. Cone*, 535 U.S. 685, 697 (2002) (distinguishing challenges to specific aspects of counsel's representation from an assertion that counsel had entirely failed to subject prosecution's case to meaningful adversarial testing).

[10] ECF No. 64 at 31, 131.

Chappell to file a revised statement of exhaustion that specifies whether and how he exhausted his state-court remedies for his sub-claims of ineffective assistance of counsel under these claims.

Respondents' motion for additional time asks for 90 days from the date this order is entered to respond to the second amended petition.[11] Because the motion is unopposed and I am directing a more definite statement on these claims, I also allow the additional time for the respondents' response.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion for compliance with Rule 2 or for a more definite statement **[ECF No. 68] is GRANTED in part.  Chappell must file a statement of exhaustion for Claims One and Three by September 26, 2023,** that specifically states whether each sub-claim of ineffective assistance of counsel has been exhausted in state court, and for each sub-claim that has been exhausted in state court, the statement must indicate how, when, and where that occurred.

IT IS FURTHER ORDERED that respondents' unopposed motion for additional time **[ECF No. 71] is GRANTED.  Respondents' deadline to respond to the second amended petition is extended to December 5, 2023.**  In all other respects, the schedule set forth in the court's order of December 20, 2022,[12] remains in effect.

Dated: September 6, 2023

_____
Jennifer A. Dorsey
United States District Judge

---

[11] ECF No. 71.
[12] ECF No. 58.

3