# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| James Chappell, | Case No.: 2:16-cv-00645-JAD-MDC |
| Petitioner | **Order Granting in Part Motion to Dismiss Habeas Petition and Denying Motions for Discovery and Evidentiary Hearing** |
| v. | |
| Jeremy Bean, et al., | [ECF Nos. 96, 110, 111] |
| Respondents | |

James Chappell sits on Nevada's death row for the 1995 murder of Deborah Panos. In this capital habeas case under 28 U.S.C. § 2254, petitioner Chappell seeks relief from the judgment of conviction imposing that death sentence that was entered in the Eighth Judicial District Court for Nevada. Respondents move to dismiss Chappell's habeas petition, arguing that most of his claims are unexhausted or procedurally defaulted, several claims are not cognizable in federal habeas, and one of his claims is untimely.[1] I conclude that Chappell exhausted the claims in his second amended petition and that the state has not met its burden to show that Chappell's guilt-phase claims are procedurally defaulted, so those claims proceed to a determination on the merits. Chappell's penalty-phase claims, however, are procedurally defaulted, and he cannot show cause of prejudice to excuse that default for several claims, so I dismiss those, but I defer decision on whether Chappell has shown cause and prejudice to excuse default for several subsections of Claim Three. I also dismiss three claims because they are not cognizable in habeas, and one claim as untimely. Finally, I deny Chappell's related motions for

---

[1] ECF No. 96. Respondents also ask the court to dismiss certain claims because Chappell did not properly develop the evidence that he relies upon to support them. *Id*. at 95–98. This issue is more appropriately addressed when the court reaches the merits of those claims.

evidentiary hearing[2] and for discovery[3] because he has not satisfied the standard for a hearing under 28 U.S.C. § 2254(e)(2), he has not shown a likelihood that a hearing would unearth evidence of his actual innocence, and he has not shown good cause to engage in further discovery.

## Background

In October 1996, a jury sitting in the state district court for Clark County, Nevada, found Chappell guilty of burglary, robbery with the use of a deadly weapon, and first-degree murder with the use of a deadly weapon[4] of Deborah Panos, his long-time girlfriend and the mother of his three children.[5]  After a penalty-phase hearing, the jury sentenced Chappell to death for the murder, finding four aggravating circumstances for the murder: (1) it was committed while Chappell was engaged in the commission of or an attempt to commit a robbery; (2) it was committed while he was engaged in the commission of or attempt to commit any burglary and/or home invasion; (3) it was committed while he was engaged in the commission of an attempt to commit any sexual assault; and (4) it involved torture or depravity of mind.[6]  On the remaining counts, the trial judge sentenced Chappell to consecutive terms amounting to 8 to 40 years.[7]  A judgment of conviction was entered on December 31, 1996.[8]

---

[2] ECF No. 110.

[3] ECF No. 111.

[4] ECF No. 80-60, 81-1, 81-2.

[5] ECF No. 1 at 53.

[6] ECF Nos. 81-10, 81-11.

[7] ECF No. 81-20.

[8] *Id*.

On direct appeal, the Nevada Supreme Court affirmed the judgment of conviction but struck the torture-or-depravity aggravating circumstance.[9]  Chappell filed a motion for rehearing, which the court denied.[10]  Chappell timely filed a petition for writ of certiorari with the United States Supreme Court,[11] which was denied on August 4, 1999.[12]

On October 19, 1999, Chappell filed his first petition for writ of habeas corpus in the state district court.[13]  With the assistance of appointed counsel David M. Shieck, he filed a supplemental petition in April 2002.[14]  The court held an evidentiary hearing at which Chappell's two trial attorneys, Howard Brooks and Willard Ewing, testified.[15]  With the services of an investigator, Shieck filed numerous affidavits in support of the habeas petition.[16] After further briefing and hearings, the state district court denied the guilt-phase claims in the petition but granted Chappell a new penalty hearing because "there were several witnesses that were available to provide testimony in mitigation from both Michigan and Arizona," and "defense counsel was deficient in not locating and presenting these witnesses at the penalty hearing."[17] Chappell appealed, and the State cross-appealed.[18]

---

[9] ECF No. 82-4.

[10]  ECF Nos. 82-11, 82-14.

[11] ECF No. 131-4.

[12] ECF No. 96 at 18.

[13] ECF No. 82-22.

[14] ECF No. 82-46.

[15] ECF No. 82-53.

[16] ECF Nos. 83-10, 83-11.

[17] ECF No. 83-19 at 3.

[18] ECF Nos. 83-21, 83-24.

1      The Nevada Supreme Court affirmed the state district court's decision to grant Chappell a

2  new penalty hearing.[19]  It also struck the burglary and robbery aggravators.[20]  However, the court

3  denied all of Chappell's guilt-phase ineffective assistance of counsel (IAC) claims raised on

4  appeal and determined that the claims Chappell framed as direct-appeal claims were procedurally

5  defaulted.[21]  Remittitur issued on May 2, 2006.[22]

6      After a one-week penalty hearing in March 2007, a jury again sentenced Chappell to

7  death, finding that the sexual-assault aggravating circumstance outweighed any mitigating

8  circumstances.[23]  After the court entered a judgment of conviction, Chappell filed a timely notice

9  of appeal.[24]  In October 2009, the Nevada Supreme Court affirmed the judgment.[25]  Chappell

10  filed a petition for rehearing, but it was denied.[26]  After Chappell filed a petition for writ of

11  certiorari with the United States Supreme Court that was also denied, the Nevada Supreme Court

12  issued a remittitur on June 8, 2010.[27]

13      On June 22, 2010, Chappell filed a second state habeas petition.[28]  With the assistance of

14  appointed counsel Christopher Oram, he filed a supplemental brief in support of his petition,

15  followed by motions for asking for discovery, an investigator, an expert to perform a P.E.T. scan,

16

17

_____

18  [19] ECF No. 83-52.

19  [20] *Id.* (citing *McDonnell v. State*, 102 P.3d 606 (2004)).

    [21] *Id.*

20  [22] ECF No. 83-53.

    [23] ECF Nos. 84-29 through 85-11.
21
    [24] ECF Nos. 85-18, 85-24.

22  [25] ECF No. 88-9.

23  [26] ECF Nos. 88-10, 88-12.

    [27] ECF Nos. 88-15, 88-17, 88-18.
24
    [28] ECF No. 88-19.

and a sexual-assault expert.[29]  At a hearing that followed, the court denied all those motions and Chappell's request for an evidentiary hearing and indicated that it was going to deny the petition.[30]  Chappell appealed.[31]  In June 2015, the Nevada Supreme Court affirmed the lower court's decision;[32] it later denied Chappell's petition for rehearing and issued a remittitur on November 17, 2015.[33]

On March 23, 2016, Chappell filed the habeas petition that initiated this federal action.[34] After appointment of the Federal Public Defender for Nevada as counsel, he filed an amended petition on August 17, 2016.[35]  Before the respondents filed a response, Chappell filed a motion to stay proceedings while he exhausted claims in state court.[36]  This court granted that motion.[37]

On November 16, 2016, Chappell filed a third petition for writ of habeas corpus in state district court.[38]  He subsequently filed a motion for an evidentiary hearing and a motion for leave to conduct discovery.[39]  The court granted an evidentiary hearing limited to whether post-conviction counsel in Chappell's second post-conviction proceeding (Oram) was ineffective for failing to develop evidence related to Fetal Alcohol Spectrum Disorder.[40]  Ultimately, the court

---

[29] ECF Nos. 88-24 through 88-28.

[30] ECF No. 88-37.

[31] ECF No. 88-38.

[32] ECF No. 89-20.

[33] ECF Nos. 89-21, 89-24, 89-25.

[34] ECF No. 1.

[35] ECF No. 24.

[36] ECF No. 29.

[37] ECF No. 36.

[38] ECF No. 89-28.

[39] ECF Nos. 39-34, 39-35.

[40] ECF Nos. 89-41, 89-47, 89-48.

dismissed Chappell's petition as untimely, barred by laches, and successive.[41]  On appeal, the Nevada Supreme Court affirmed the lower court's decision.[42]  After denying Chappell's petition for rehearing, the court issued a remittitur on November 30, 2022.[43]

On December 20, 2022, this court granted Chappell's motion to vacate the stay.[44]  On April 5, 2023, Chappell filed a second amended federal petition.[45]  Respondents' initial response to the petition was a motion for more definite statement of exhaustion, which this court granted in part.[46]  Chappell filed a statement of exhaustion in response to the court's order.[47]  Several months later, respondents filed the motion to dismiss that is now before the court.[48]  With his response to the motion to dismiss, Chappell filed a motion for leave to conduct discovery and a motion for an evidentiary hearing.[49]  After granting the respondents extensions totaling more than six months to file a reply in support of the motion to dismiss and responses to Chappell's motions, this court deemed the motions submitted on the existing briefing.[50]

---

[41] ECF No. 90-6.

[42] ECF No. 92-3.

[43] ECF Nos. 92-16, 92-23.

[44] ECF No. 58.

[45] ECF No. 64.

[46] ECF Nos. 68, 72.

[47] ECF No. 73.

[48] ECF No. 96.

[49] ECF Nos. 108, 110, 111.

[50] ECF No. 123.

1

2

**Discussion**[51]

**A.**    **Chappell exhausted the claims in his second amended petition when he included his third state habeas petition in the record on appeal.**

3

        A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.[52]  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.[53]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[54]

        A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[55]  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[56]  A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[57]  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence that place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to

---

[51] I have considered all of the parties' arguments in rendering my decision.  The absence of a discussion on a particular argument does not indicate that I overlooked it.

[52] *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[53] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

[54] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

[55] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[56] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[57] *See Bland v. Cal. Dep't of Corrs.*, 20 F.3d 1469, 1473 (9th Cir. 1994).

7

1  support the same theory.[58]  On the other hand, new allegations that do not "fundamentally alter

2  the legal claim already considered by the state courts" will not render a claim unexhausted.[59]

3

### 1.    *Because Chappell attached his third state habeas petition to his appeal, the claims in that petition were exhausted.*

4

5        Chappell's second amended federal petition contains the same 26 claims presented in

6  Chappell's third state habeas petition.[60]  While Chappell did not argue the merits of all 26 claims

7  in his appeal to the Nevada Supreme Court, he did include his third state habeas petition in the

8  appendix to his appellate briefing.[61]  Respondents contend that this is insufficient to exhaust the

9  claims in that petition because they were not included "within the four corners" of Chappell's

10  opening brief or even incorporated by reference.[62]

11        Several Ninth Circuit cases have found that a petitioner exhausted his claims by placing a

12  copy of a state-court pleading containing those claims in the appellate record.[63]  In the past, this

13  court has concluded that those cases do not apply to habeas cases in this state because they relied

14  on state procedural rules that differ from Nevada's procedural rules.[64]  But in 2022, the Ninth

15  Circuit issued *Emanual v. Neven*, an unpublished opinion holding that a Nevada habeas

16  petitioner exhausted his claims by including a copy of his state habeas petition in the appendix to

17

---

18  [58] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

19  [59] *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994).

    [60] *Cf.* ECF No. 64 and ECF No. 89-28.

20  [61] ECF No. 91-2 at 31.

21  [62] ECF No. 96 at 49–51 (*quoting Castillo v. McFadden*, 399 F.3d 993, 999–1000 (9th Cir. 2005)).

22  [63] *See Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).  *See also Gallegos v. Ryan*, 820 F.3d 1013, 1037 (9th Cir. 2016);
23  *Greenway v. Schriro*, 653 F.3d 790, 801–02 (9th Cir. 2011).

24  [64] *See, e.g.*, *Leonard v. Gittere*, 2020 WL 2497331 at *17 n.14 (D. Nev. May 14, 2020); *Leavitt v. Neven*, 2015 WL 1038047 at *7 (D. Nev. Mar. 9, 2015).

his Fast Track Statement on appeal.[65]  The court noted that, like the petitioners in prior non-Nevada cases, Emanuel was "appealing procedural rulings and requesting to return to the state habeas court to present his claims under proper procedures."[66]

While there are concurring and dissenting opinions in *Emanuel* debating whether the Nevada appellate rules allow for the "appendix rule,"[67] the Ninth Circuit previously held in *Scott v. Schriro* that the question "whether including the claims in an appendix in a petition for review to the [state] Supreme Court satisfied the fair presentation requirement for purposes of exhaustion . . . is an issue of federal law, not state law."[68]  The court then focused on the fact that Scott had asked the higher court to allow his claims to proceed in spite of a procedural bar and provided the court with the petition containing those claims.[69]  The court held that, once that request was denied, "any further duty Scott had to exhaust was excused."[70]

Chappell's briefing on appeal challenged the basis upon which the lower court had dismissed his claims, which was that the claims were procedurally barred.[71]  The Nevada Supreme Court was provided a copy of his habeas petition containing the merits arguments for those barred claims.  Based on the holdings in *Scott* and *Emanuel*, I am not persuaded that Chappell was required to include his claims within the body of his appellate briefs to fairly present them to the Nevada Supreme Court.  I thus conclude that including his third state habeas

---

[65] *Emanuel v. Neven*, 2022 WL 2915595 at *3 (9th Cir. July 25, 2022) (unpublished) (citing *Scott*, 567 F.3d at 582, and *Insyxiengmay*, 403 F.3d at 669 n.5).  In an expedited appeal, a Fast Track Statement is the equivalent of an opening brief.  *See* Nev. R. App. P. 3C(e).

[66] *Id*.

[67] *Id*. at *4–8 (9th Cir. July 25, 2022) (Koh, J., concurring) (Bennett, J. dissenting).

[68] *Scott*, 567 F.3d at 582.

[69] *Id* at 582–83.

[70] *Id*. at 583.

[71] ECF No.91-1 at 35–46.

1  petition in the appendix on appeal to the Nevada Supreme Court was sufficient to exhaust the

2  claims contained in that petition.

3

4  ### 2.    The court alternatively finds that Chappell's claims were technically exhausted under the anticipatory-default doctrine.

5      The anticipatory-default doctrine supplies an alternative basis to find Chappell's claims

6  technically exhausted.  The Supreme Court has recognized that under certain circumstances it

7  may be appropriate for a federal court to anticipate the state-law procedural bar of an

8  unexhausted claim, and to treat such a claim as subject to the procedural-default doctrine.  "An

9  unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the

10  petitioner from bringing the claim in state court."[72]

11      In light of the procedural history of this case and the rulings of the state courts in

12  Chappell's third state habeas action, it is plain that the claims in Chappell's second amended

13  petition would be ruled procedurally barred if Chappell were to return to state court to exhaust

14  them.  Therefore, apart from whether Chappell's claims were properly exhausted in his appellate

15  and post-conviction proceedings, the anticipatory-default doctrine applies, and any unexhausted

16  claim is technically exhausted but subject to the procedural-default doctrine.[73]

17  **B.    Procedural Default**

18      A federal court will not review a claim for habeas corpus relief if the state court's

19  decision denying the claim rested on a state law ground that is independent of the federal

20

21

22  ---

    [72] *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S.
23  722, 731 (1991)).

    [73] *See Dickens*, 740 F.3d at 1317.  Some of the claims in Chappell's second amended petition
24  were also raised and exhausted in prior state proceedings.  I analyze which of those claims were
    exhausted prior to the third state habeas proceeding *infra* at Section B.3.

question and adequate to support the judgment.[74]  If the federal court determines that the state

court applied an adequate and independent procedural rule to deny the petitioner's claims, that

procedural default bars federal review unless the petitioner can show cause and prejudice to

excuse the default.[75]  But if the court determines that the state procedural rule was not adequate

or independent of the federal question, federal review proceeds on the merits of those claims.[76]

### 1. *The procedural rules applied by the state court are adequate to preclude review of Chappell's penalty-phase claims, but not his guilt-phase claims.*

A state procedural rule is "adequate" if it was "clear, consistently applied, and well-

established at the time of the petitioner's purported default."[77]  In *Bennett v. Mueller*, the Ninth

Circuit Court of Appeals established a burden-shifting test for analyzing adequacy.[78]  Under

*Bennett*, the state carries the initial burden of pleading "the existence of an independent and

adequate state procedural ground as an affirmative defense."[79]  The burden then shifts to the

petitioner "to place that defense in issue," which the petitioner may do "by asserting specific

factual allegations that demonstrate the inadequacy of the state procedure, including citation to

authority demonstrating inconsistent application of the rule."[80]  If the petitioner meets this

burden, "the ultimate burden" of proving the adequacy of the procedural rule rests with the state,

---

[74] *Coleman*, 501 U.S. at 730–31.

[75] *Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

[76] *See Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir. 1996).

[77] *Calderon v. U.S. Dist. Court* (*Bean*), 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted); *see also Ford v. Georgia*, 498 U.S. 411, 424 (1991) (state procedural rule adequate if "firmly established and regularly followed by the time as of which it is to be applied" (citation and internal quotation marks omitted)); *Lambright v. Stewart*, 241 F.3d 1201, 1203 (9th Cir. 2001).

[78] *Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir. 2003).

[79] *Id.* at 586.

[80] *Id.*

1   which must demonstrate "that the state procedural rule has been regularly and consistently

2   applied in habeas actions."[81]

3

            a.      *The state has not shown that NRS 34.726's timeliness bar was an*
4                     *adequate reason to dismiss Chappell's guilt-phase claims.*

5          In Chappell's third state habeas proceeding, the Nevada Supreme Court determined that

6   Chappell's petition was untimely under Nevada Revised Statute (NRS) 34.726 because it was

7   filed "more than 17 years after the remittitur issued in his direct appeal from the original

8   judgment of conviction and more than 6 years after the remittitur issued in his direct appeal from

9   the judgment of conviction entered after the penalty-phase retrial."[82]  Despite Chappell's

10  argument to the contrary, the court clearly and expressly applied this bar to all the claims in his

11  third state habeas petition, and the Ninth Circuit has repeatedly rejected arguments that the

12  Nevada Supreme Court has inconsistently applied NRS 34.726 and has held the bar to be

13  adequate to support application of the procedural-default doctrine in certain circumstances.[83]

14  Chappell argues that the Nevada Supreme Court's imposition of the bar in his third state habeas

15  proceeding is inadequate to preclude federal review of his guilt-phase claims, however, because

16  the court applied the bar in a manner that could not have been anticipated: it allowed Chappell to

17  argue ineffective assistance of first post-conviction counsel as good cause to overcome the

18  default of claims related to his 2007 resentencing, but not to overcome the default of claims

19  related to the guilt phase of his 1996 trial.[84]

20

21

_____

22  [81] *Id*. (cleaned up); *see also King v. Lamarque*, 464 F.3d 963, 966–67 (9th Cir. 2006).

    [82] ECF No. 92-3 at 5.

23  [83] *See Williams v. Filson*, 908 F.3d 546, 579–80 (9th Cir. 2018); *Loveland v. Hatcher*, 231 F.3d
24  640, 64--63 (9th Cir. 2000); *Moran v. McDaniel*, 80 F.3d 1261, 1269–70 (9th Cir. 1996).

    [84] ECF No. 92-3 at 3.

The Nevada Supreme Court has long recognized that when a petitioner has the statutory right to assistance of post-conviction counsel, a meritorious claim that post-conviction counsel provided ineffective assistance can serve as cause for failure to comply with Nevada's procedural rules.[85]  But the court has also recognized that a claim of ineffective assistance of post-conviction counsel cannot be asserted as cause for a default if it is also defaulted.[86]  In 2016, the court clarified in *Rippo v. State* that petitions raising ineffective assistance of post-conviction counsel as cause for a default must be filed within one year from the conclusion of post-conviction proceedings in which the ineffective assistance allegedly occurred.[87]  In its decision affirming the state district court's denial of Chappell's third state habeas petition, the Nevada Supreme Court determined that Chappell had defaulted his claims of ineffective assistance of post-conviction counsel related to the guilt phase of his trial because he did not bring them within one year of May 2, 2006, the date his first post-conviction proceeding concluded.[88]

Chappell claims that the Nevada Supreme Court's holding is an inadequate bar to federal review because it announced a new rule that could not have been expected.  Chappell's first post-conviction counsel also represented him at his resentencing and in the appeal from the 2007 judgment of conviction that followed.  That proceeding did not conclude until June 2010.  In the state habeas proceeding that followed, the Nevada Supreme Court refused to entertain guilt-phase claims because the proceeding was focused only on the second penalty hearing.[89]  Chappell argues that he complied with existing precedent by filing his petition asserting post-

---

[85] *See Rippo v. State*, 423 P.3d 1084, 1094 (Nev. 2018) (discussing *Crump v. Warden*, 934 P.2d 247 (Nev. 1997)).

[86] *See id*. (citing *Hathaway v. State*, 71 P.3d 503, 506 (Nev. 2003)).

[87] *Rippo v. State*, 368 P.3d 729, 739 (Nev. 2016), *vacated on other grounds by Rippo v. Baker*, 580 U.S. 285 (2017)).

[88] ECF No. 92-3 at 8.

[89] ECF No. 89-20 at 3.

conviction counsel's ineffectiveness within one year of the conclusion of his second state habeas proceeding.  He contends that requiring him to challenge his lawyer's performance while that same lawyer was representing Chappell ran contrary the Nevada Supreme Court's 2004 holding in *Nika v. State*, which held that such a requirement placed both counsel and client in an "untenable position."[90]  He also contends that his case was the first time the Nevada Supreme Court ruled that a defendant who receives resentencing must simultaneously pursue post-conviction relief alleging that prior post-conviction counsel was ineffective in relation to the guilt phase.

As noted above, a state rule that is not firmly established at the time of default cannot bar federal court review of a petitioner's claims.[91]  In at least one case, the Ninth Circuit has held that, notwithstanding the general adequacy of NRS 34.726, the specific manner in which the Nevada Supreme Court applied it was not clear and well-established and, therefore, did not bar federal habeas review.[92]  I conclude that Chappell has at least met his burden under *Bennett* by asserting factual allegations that call into question that adequacy of NRS 34.726 in his case. Because the state has not carried its ultimate burden to prove the adequacy of the timeliness bar, I conclude that the Nevada Supreme Court's imposition of the bar in Chappell's third state habeas proceeding does not bar federal review of his guilt-phase claims.[93]

---

[90] *Nika v. State*, 97 P.3d 1140, 1145 (Nev. 2004).

[91] *Ford*, 498 U.S. at 423–24.

[92] *See Collier v. Bayer*, 408 F.3d 1279, 1285–86 (9th Cir. 2005).

[93] Because I conclude *supra* that another adequate procedural bar applies to Chappell's penalty-phase claims, I do not separately analyze whether NRS 34.726 also bars those claims.  *See supra* at Section B.1.b.

1

2

          **b.**     *NRS 34.810 is an adequately bar to Chappell's penalty-phase claims, but not his guilt-phase claims.*

3        Under NRS 34.810, a claim is subject to dismissal if it could have been raised in a

4 previous proceeding or if it was raised in a previous proceeding and disposed of on its merits.

5 The Nevada Supreme Court relied on NRS 34.810 to dispose of claims in Chappell's first,

6 second, and third state post-conviction appeals.[94]  Despite Chappell's argument to the contrary,

7 the court clearly and expressly applied this bar to all the claims in his third state habeas petition.

8 Chappell cites the Ninth Circuit's opinions in *Valerio v. Crawford*[95] and *Sechrest v. Ignacio*[96]  to

9 support his argument that the bar is inadequate in capital habeas cases.  In *Valerio*, the Ninth

10 Circuit held that "in 1990 there was no 'clear, consistently applied, and well-established' rule in

11 capital cases that prevented the Nevada Supreme Court from addressing constitutional claims on

12 the ground that those claims had not been presented in earlier proceedings," noting that the state

13 court often bypassed NRS 34.810 to reach the merits of a capital petitioner's claims.[97]  In

14 *Sechrest*, the court of appeals held that "*Valerio* controls the outcome of the procedural default

15 issue" in capital cases.[98]

16        But in *Beard v. Kindler*[99] and *Walker v. Martin*[100]—cases issued after *Valerio* and

17 *Sechrest*—the U.S. Supreme Court rejected the notion that a state court's discretionary

18 application of a procedural rule necessarily renders it inadequate to bar federal review.  In *Beard*,

19

---

20 [94] ECF No. 83-52 at 10–11; ECF No. 89-20 at 3 n.1, 14 n. 5; ECF No. 92-3 at 5–6, 11–39.

21 [95] *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002).

22 [96] *Sechrest v. Ignacio*, 549 F.3d 789 (9th Cir. 2008).

[97] *Valerio*, 306 F.3d at 776–78.

23 [98] *Sechrest*, 549 F.3d at 803.

24 [99] *Beard v. Kindler*, 558 U.S. 53 (2009).

[100] *Walker v. Martin*, 562 U.S. 307 (2011).

the Court held that "a discretionary rule can be 'firmly established' and 'regularly followed' — even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others."[101]   And in *Walker*, the Court elaborated that "[a] discretionary rule ought not be disregarded automatically upon a showing of seeming inconsistencies," noting that holding the opposite would cabin state courts' ability to "home in on case-specific considerations and to avoid the harsh results that sometimes attend consistent application of an unyielding rule."[102]   So *Valerio*'s reliance on inconsistent Nevada Supreme Court application of NRS 34.810 has been called into question by *Beard* and *Walker*.

Not only did *Valerio* and *Sechrest* predate *Beard* and *Walker*, they also addressed the Nevada Supreme Court's application of NRS 34.810 to defaults that occurred in 1990 and 1985, respectively.[103]   But in its 2001 decision in *Pellegrini v. State*, the Nevada Supreme Court clarified that the case law the Ninth Court had relied upon to find the bar inadequate was either misconstrued or no longer applied in Nevada.[104]   Given these circumstances, I conclude that Chappell's reliance on *Valerio* and *Sechrest* satisfies his burden under *Bennett* only with respect to the adequacy of the Nevada Supreme Court's use of NRS 34.810 to dispose of his guilt-phase claims.   The default of those claims occurred when Chappell failed to include them in his direct appeal in 1997 and his first state post-conviction petition in 1999—before *Beard*, *Walker*, and *Pellegrini*.   Because the state has not satisfied its ultimate burden of proving that the procedural rule was regularly and consistently applied in habeas actions by that time, NRS 34.810 is not adequate to bar this court's review of Chappell's guilt-phase claims.

---

[101] *Beard*, 558 U.S. at 61.

[102] *Walker*, 562 U.S. at 320.

[103] *See Valerio*, 306 F.3d at 778; *Sechrest*, 549 F.3d at 803.

[104] *See Pellegrini v. State*, 34 P.3d 519, 532–36 (Nev. 2001).

With respect to Chappell's penalty-phase claims however, Chappell's citation to *Valerio* and *Sechrest* does not demonstrate that the Nevada courts were still inconsistently applying NRS 34.810 in 2008 when he filed his opening brief on direct appeal after resentencing or, with respect to his post-conviction claims, when he filed his second state habeas petition (the first after resentencing) in 2010. Chappell also cites to, but does not discuss,[105] *Riley v. McDaniel*.[106] The court's reference to the adequacy of NRS 34.810 in that case was dicta[107] and the relevant default occurred in 1995.[108] In addition, the myriad of decisions issued by this court that Chappell lists is also unavailing because none of those decisions cite to Nevada cases showing that the Nevada courts were not consistently applying the rule during the time period relevant to the default of his penalty-phase claims. Because Chappell has not satisfied his initial burden under *Bennett*, NRS 34.810 is adequate to support application of the procedural-default doctrine to his penalty-phase claims.

        c.     *The state has not shown that NRS 34.800 has been consistently applied, so it is not an adequate bar to federal review.*

In Chappell's third state habeas proceeding, the Nevada Supreme Court determined that his petition was subject to dismissal under NRS 34.800, which provides that a petition may be dismissed if delay in filing the petition prejudices the state's ability to respond to the petition or retry the petitioner.[109] A rebuttable presumption of prejudice arises five years after the conclusion of the direct appeal.[110] The Ninth Circuit has held that NRS 34.800 is an adequate

---

[105] *See* ECF No. 108 at 45.

[106] *Riley v. McDaniel*, 786 F.3d 719 (9th Cir. 2015).

[107] *Id.* at 722.

[108] *See* ECF No. 116 at 2 in *Riley v. McDaniel*, Case No. 3:01-CV-0096-RCJ-VPC.

[109] ECF No. 92-3 at 39–40.

[110] Nev. Rev. Stat. § 34.800(2).

1   procedural bar with respect to defaults that occurred in 1989 and 1992.[111]  Even so, Chappell

2   cites several Nevada Supreme Court cases showing that the court has not consistently applied

3   that bar subsequent to those dates.[112]  Because Chappell has satisfied his burden under *Bennett*

4   with no response from the state, I conclude that NRS 34.800 is not adequate to bar federal review

5   of Chappell's claims.

### 2.    *The adequate procedural bars are also independent of federal-law determinations.*

8   Citing *Rippo v. Baker*,[113] Chappell argues that the Nevada Supreme Court's application

9   of NRS 34.726 and 34.810 to bar penalty-phase claims in his third state habeas petition was not

10  independent of federal law and, therefore, cannot support application of the procedural default

11  doctrine.  "For a state procedural rule to be 'independent,' the state-law basis for the decision

12  must not be interwoven with the federal law."[114]  The state procedural rule is "so interwoven if

13  'the state has made application of the procedural bar depend on an antecedent ruling on federal

14  law [such as] the determination of whether federal constitutional error has been committed.'"[115]

15  Chappell relies on a footnote in *Rippo* to argue that the state-law procedural rules were

16  not applied independently of federal law because the Nevada Supreme Court considered the

17  merits of his claims in determining that he did not show cause and prejudice to overcome

18  procedural bars.  In *Rippo*, the U.S. Supreme Court reviewed and overruled the Nevada Supreme

---

21  [111] *See Ybarra v. McDaniel*, 656 F.3d 984, 990 (9th Cir. 2011); *Moran*, 80 F.3d at 1270.

22  [112] ECF No. 108 at 49–51.

23  [113] *Rippo v. Baker*, 580 U.S. 285 (2017) (per curiam).

    [114] *Park v. California*, 202 F.3d 1146, 1152 (2000) (cleaned up) (citing *Michigan v. Long*, 463
24  U.S. 1032, 1040–41 (1983)).

    [115] *Id*. (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Court's holding regarding a substantive federal law claim in the case—a claim of

unconstitutional judicial bias.[116]  In a footnote, the High Court said:

> The [Nevada Supreme Court] further relied on its bias holding to determine that Rippo had not established cause and prejudice to overcome various state procedural bars.  *Rippo*, 368 P.3d, at 745.  Because the court below did not invoke any state-law grounds "independent of the merits of [Rippo's] federal constitutional challenge," we have jurisdiction to review its resolution of federal law.  *Foster v. Chatman*, 578 U.S. 488, 498 (2016).[117]

The U.S. Supreme Court recognized that the Nevada Supreme Court's analysis of and

ruling on the substantive federal claim was antecedent to its ruling regarding the procedural bars.

The Nevada Supreme Court had invoked the law-of-the-case doctrine and relied on an earlier

ruling on the merits of the judicial-bias claim in ruling on the procedural bars.[118]  That is

different from what occurred here.  In this case, the Nevada Supreme Court first identified the

procedural bars and stated that, "[t]o avoid dismissal based on those procedural bars, Chappell

had to demonstrate good cause and prejudice."[119]  Only then did the court go on to determine that

Chappell had failed to show cause and prejudice.[120]  So, because the Nevada Supreme Court

considered the merits of Chappell's penalty-phase claims only to determine whether he could

overcome the procedural bars, those bars remain independent of federal law and thus support

application of the procedural-default doctrine.[121]

---

[116] *See Rippo*, 580 U.S. at 287.

[117] *Id*. at 286 n.* (internal citations cleaned up).

[118] *See Rippo*, 368 P.3d at 743–45.

[119] ECF No. 93-3 at 6 (citing NRS 34.726(1); NRS 34.810(1)(b), (3)).

[120] *See id*. at 13–36.

[121] *See Nitschke v. Belleque*, 680 F.3d 1105, 1111–12 (9th Cir. 2012) (holding that the Oregon Court of Appeals' application of the Oregon "plain error" rule to the petitioner's federal law claim was independent of federal law); *Moran*, 80 F.3d at 1268–70 (holding a Nevada procedural rule independent in case in which the Nevada Supreme Court discussed the merits of the claim

19

### 3.    *Claim-specific analysis of exhaustion and procedural default*

The net result of these conclusions is that NRS 34.810 is an adequate, independent state procedural rule that precludes federal review of Chappell's penalty-phase claims, and Chappell must show cause and prejudice to overcome that procedural bar for those claims. Chappell's guilt-phase claims, however, are not procedurally defaulted because the state has not shown that the procedural rules applied to dismiss those claims were adequate to bar federal review. But this is not the end of the inquiry. Respondents separately argue that the following claims in Chappell's second amended petition are unexhausted and/or procedurally defaulted: Claims One(C)(1)–(7); One(E)(2) and (3); One(F); One(G)(1), (2), and (3); One(H)(1) and (2); One(J); One(K); Two(A)–(F); Three(B) (3), (5), and (6); Three(C)(1), (3), (4), and (5); Three(D); Three(E); Five(B)–(D); Six through Nine; Ten(A)–(E); Eleven; Twelve; Thirteen(A)–(D); Fourteen; Fifteen(A)–(H); Sixteen(A)–(G); Seventeen(D); and Eighteen through Twenty-Six.[122] With respect to many of these claims, Chappell makes no argument that they were exhausted prior to his third state post-conviction proceeding.[123] I discuss whether those claims are procedurally defaulted further below, but first I analyze whether any of Chappell's claims were

---

"strictly for the purpose of demonstrating that [the petitioner could not] overcome his procedural defaults by a showing of cause and prejudice").

[122] Respondents also include Claims One(D), One(L), Three(B)(1), Three(B)(7), Five(E), Ten(F), Sixteen(H), and Seventeen (E) in this group but, as Chappell points out, these are not independent claims for relief. So I deny their motion to dismiss those "claims."

[123] I have identified the following claims as belonging in that category: Claims One (C)(3), (4), (5), (6), (7), One(E)(3), One(F), One(G)(1), (2), (3), One(H)(1), (2), One(K), Two(E), Three(B)(5), (6), Three(C) (3), (4), (5), Three(D), Three(E)(3), Three(E)(5), Five(B), Five(C), Five(D), Seven, Eight, Ten(E), Thirteen(D), Fourteen, Fifteen(A), Fifteen(C), Fifteen(D), Fifteen(F), Fifteen(G), Fifteen(H), Sixteen(C), Seventeen(D), Twenty-One, Twenty-Two, and Twenty-Four. So I consider these claims exhausted by the third state habeas petition and, for the claims that concern the penalty phases of Chappell's case, subject to procedural-default analysis.

1  exhausted prior to the third state habeas proceeding and, if so, whether they are procedurally

2  defaulted.

3

4            *a.*    *Chappell exhausted some of his claims prior to his third state habeas proceeding.*

5      **In Claim One(C)(1)**, Chappell alleges that trial counsel was ineffective for failing, prior

6  to a prior-bad-acts *Petrocelli* hearing,[124] to investigate or interview witnesses who could refute

7  the state's theory that Chappell was a serial abuser, which the state supported by introducing

8  evidence of prior domestic-violence offenses.[125]  Chappell asserts that he presented this claim in

9  his first state habeas proceeding, but the portion of the record he cites makes no reference to

10  counsel's alleged failure to investigate prior to and in relation to the *Petrocelli* hearing.[126]  Thus,

11  the claim was not exhausted until Chappell presented it in his third state habeas proceeding.  And

12  because I have concluded that no adequate procedural rule bars review of this guilt-phase claim,

13  it proceeds to a merits determination.

14      **In Claim One(C)(2)**, Chappell alleges that, following the *Petrocelli* hearing, trial counsel

15  was ineffective for failing to move to withdraw the stipulation as to his guilt, interview witnesses

16  regarding prior bad acts, investigate possible defenses to the evidence, or seek a continuance.[127]

17  Chappell asserts that he presented this claim in his first state habeas proceeding.[128]  The portion

18

---

19  [124] Under *Petrocelli v. State*, 692 P.2d 503 (Nev. 1985), a party seeking to introduce prior-bad-
20  acts evidence at trial in Nevada courts must request a hearing outside the presence of the jury and
   establish that: "(1) the prior bad act is relevant to the crime charged and for a purpose other than
   proving the defendant's propensity, (2) the act is proven by clear and convincing evidence, and
21  (3) the probative value of the evidence is not substantially outweighed by the danger of unfair
   prejudice." *Newman v. State*, 298 P.3d 1171, 1178 (Nev. 2013).

22  [125] ECF. No. 64 at 37–41.

23  [126] ECF No.108 at 97 (citing ECF No. 83-39 at 17–20, 28–30).

   [127] ECF No. 64 at 41–43.
24
   [128] ECF No.108 at 101 (citing ECF No. 83-39 at 17–20, 28–30).

of the record he cites refers to counsel's failure to withdraw the offer to stipulate and seek a continuance, but only as part of a recounting of evidence presented at the post-conviction evidentiary hearing, not as part of an IAC claim.[129]  Thus, the claim was not exhausted until Chappell presented it in his third state habeas proceeding.  And because I have concluded that no adequate procedural rule bars review of this guilt-phase claim, it proceeds to a merits determination.

**In Claim One(E)(2)**, Chappell alleges that trial counsel was ineffective by not presenting lay witness testimony on several critical subjects.[130]  Chappell presented a similar claim on appeal in his first state habeas proceeding,[131] but that was not sufficient to exhaust Claim One(E)(2) because he has added factual allegations and supporting evidence that "places the claim in a significantly different and stronger evidentiary posture than it had in state court."[132]  Thus, the claim was not exhausted until Chappell presented it in his third state habeas proceeding.  And because I have concluded that no adequate procedural rule bars review of this guilt-phase claim, it proceeds to a merits determination.

**In Claim One(J)**, Chappell alleges that trial counsel was ineffective by failing to make several objections, namely to (1) jury instructions, (2) prospective jurors who should have been excused, (3) improper victim-impact evidence, and (4) improper argument by the State.[133]  Chappell contends that the State has conceded that he presented this claim, at least in part, in his

---

[129] ECF No. 83-39 at 18.

[130] ECF No. 64 at 82–94.

[131] ECF No. 83-39 at 28–30.

[132] *Dickens*, 740 F.3d at 1317 (quoting *Aiken v. Spalding*, 841 F.2d 881, 883, 884 n.3 (9th Cir. 1988)).

[133] ECF No. 64 at 112–13.

first state habeas proceeding.[134]  To be sure, the claim is poorly pled because it does not make

clear what other portions of the second amended petition it is attempting to incorporate.[135]

Nonetheless, I conclude that Chappell exhausted Claim One(J) in his first state habeas

proceeding,[136] except for the portion challenging counsel's failure to object to jurors who should

have been excused, which was not exhausted until his third state habeas proceeding.  The claim

as presented in the first proceeding was not subject to a procedural bar, and the claim presented

in the third proceeding was dismissed under bars that are not adequate to bar federal review.  So

Claim One(J) is exhausted and proceeds to a merits determination.

**In Claim Two(A)**, Chappell alleges that the trial court issued a jury instruction on

premeditation and deliberation for first-degree murder that was unconstitutional.[137]  Chappell

argues that he raised this claim in his first state habeas proceeding as the basis for an IAC claim

and as a standalone substantive claim.[138]  He did.  The Nevada Supreme Court in that proceeding

addressed the merits of the IAC claim.[139]  And while it ruled that Chappell's "direct appeal

claims" were procedurally barred under NRS 34.810(1)(b)(2),[140] the court also noted that "any

errors in the jury instructions . . . were harmless beyond a reasonable doubt" and cited to

previous cases that had rejected challenges to the instruction.[141]

---

[134] ECF No. 108 (citing ECF No. 96 at 62–63).

[135] For example, the claim incorporates Claim Five regarding penalty-phase instructions even though it is challenging counsel's performance in the guilt phase.

[136] ECF No. 83-39 at 30–45, 50–58.

[137] ECF No. 64 at 117–22.

[138] ECF No. 108 (citing ECF No. 83-39 at 50–52).

[139] ECF No. 83-52 at 8–9.

[140] *Id.* at 10 (cleaned up).

[141] *Id.* at 9 & n.20.

Chappell also fairly presented the claim to the Nevada Supreme Court in his direct appeal of the judgment arising from the penalty-phase retrial.[142]  The court declined to address that claim because Chappell's conviction with respect to guilt was final when the U.S. Supreme Court denied his petition for certiorari in October of 1999.[143]  Still, the court noted that, even if it were to consider the claim, neither Nevada law nor the Ninth Circuit's decision in *Polk v. Sandoval*[144] provided grounds for relief.[145]  Finally, Chappell raised the claim once again is his second state habeas proceeding.[146]  The Nevada Supreme Court held that the claim was not properly raised because the proceeding was confined to Chappell's second penalty hearing.[147]  Even so, the claim is not procedurally defaulted because the NRS 34.810 bar imposed by the Nevada Supreme Court was not adequate to bar federal review.  So Claim Two(A) proceeds to a merits determination.

**In Claim Two(B)**, Chappell alleges that the trial court issued a jury instruction on the essential element of malice aforethought that was unconstitutionally vague and impermissibly relieved the prosecution of its burden of proof.[148]  Like Claim Two(A), Chappell raised this claim in his first state habeas proceeding.[149]  The Nevada Supreme Court addressed the merits of the IAC claim and, although it ruled "direct appeal claims" were procedurally barred under NRS 34.810(1)(b)(2), the court noted that "any errors in the jury instructions . . . were harmless

---

[142] ECF No. 87-4 at 43–46.

[143] ECF No. 88-9 at 29.

[144] *Polk v. Sandoval*, 503 F3d 903 (9th Cir. 2007).

[145] *Id.*

[146] ECF No. 89-8 at 64–69.

[147] ECF No. 89-20 at 3 n.1.

[148] ECF No. 64 at 123–24.

[149] ECF No. 108 (ECF No. 83-39 at 52–53).

1  beyond a reasonable doubt" and cited to previous cases that had rejected challenges to the

2  instruction.[150]  So this claim proceeds to a merits determination because it was exhausted and the

3  procedural bars imposed by the Nevada Supreme Court were not adequate to preclude federal

4  review.

5      **In Claim Two(C)**, Chappell alleges that his constitutional rights were violated because

6  the trial court issued jury instructions that allowed the jury to convict him of felony murder

7  despite the absence of evidence that he had formed the intent to commit robbery before the

8  murder.[151]  The state acknowledges that this claim was raised in the direct appeal after

9  Chappell's penalty-phase retrial, but it argues that it is procedurally defaulted because the court

10  declined to address it on the merits because it was untimely under NRS 34.726.[152]  But for

11  reasons explained supra, that was not adequate to bar federal review of the claim.  So I consider

12  Claim Two(C) exhausted, and it proceeds to a merits determination.

13      **In Claim Two(D)**, Chappell alleges that his constitutional rights were violated because

14  the trial court issued jury instructions that allowed the jury to convict him of felony murder on a

15  theory of burglary despite the fact that he could not have committed burglary because he entered

16  his own home.[153]  Chappell claims that he exhausted this claim in his first direct appeal.[154]

17  However, the portions of his opening brief that he cites challenge the sufficiency of evidence but

18  make no mention of the trial court failing to properly instruct the jury.  Thus, the claim was not

19  exhausted when Chappell presented it in his third state habeas proceeding.  Because the

20

21

---

[150] ECF No. 83-52 at 8–10 & n.20 (cleaned up).

22
[151] ECF No. 64 at 124–25.

23
[152] ECF No. 98 at 66 (citing ECF No. 87-4).

24
[153] ECF No. 64 at 125–26.

[154] ECF No. 108 at 154–55 (citing ECF No. 81-33 at 66–67, 93).

1  procedural bars imposed by the Nevada Supreme Court were not adequate to bar federal review,

2  this claim proceeds to a merits determination.

3      **In Claim Two(F)**, Chappell alleges that the trial court's jury instruction defining

4  reasonable doubt was unconstitutional because it created a possibility that the jury would convict

5  based on a lesser standard of proof.[155]  Chappell claims that he exhausted this claim in his first

6  state habeas proceeding.[156]  However, the portions of his opening brief that he cites challenges

7  trial counsel's failure to object to the prosecutor's argument regarding reasonable doubt and

8  makes no reference to the trial court jury instructions.  Thus, this guilt-phase claim was

9  exhausted when Chappell presented it in his third state habeas proceeding and proceeds to merits

10  review.

11      **In Claim Three(B)(3)**, Chappell alleges that the trial counsel who handled his penalty-

12  phase retrial provided ineffective assistance of counsel by not investigating and presenting

13  evidence related to his traumatic background.[157]  In support of this claim, Chappell alleges that

14  two lay witnesses—James Ford and Ivri Marrell—were available to testify, but, due to counsel's

15  poor scheduling, the witnesses had to return home to Michigan before they could provide

16  testimony.[158]  He further alleges that counsel failed to call two other witnesses— Ernestine

17  Harvey and Carla Chappell—that counsel had previously identified as important to his mitigation

18  case.[159]  He also identifies 19 additional lay witnesses that counsel could have called but did not,

19

20

21

---

22  [155] ECF No. 64 at 127–29.

[156] ECF No. 108 at 154–55 (citing ECF No. 83-39 at 39–41).

23  [157] ECF No. 64 at 152–74.

[158] *Id*. at 153–156.

24  [159] *Id*. at 156–58.

1  or did call but failed to adequately interview before trial.[160]  Finally, he faults counsel for not

2  presenting expert testimony explaining the impact of his childhood trauma.[161]

3        In his opening brief on appeal in his second post-conviction proceeding, Chappell alleged

4  that counsel was ineffective for failing to call Ford and Marrell and failing to prepare for one of

5  the witnesses they did call.[162]  That was not sufficient to exhaust Claim Three(B)(3) because

6  Chappell has added factual allegations and supporting evidence that "places the claim in a

7  significantly different and stronger evidentiary posture than it had in state court."[163]  Thus, the

8  claim was exhausted when Chappell presented it in his third state habeas proceeding.  But this

9  penalty-phase claim is subject to a procedural-default analysis.  For the reasons explained

10 infra,[164] I defer until the merits analysis a decision on whether Chappell has shown cause and

11 prejudice to overcome the default on this claim.

12       **In Claims Three(C)(1), (E)(1), and (E)(2)**, Chappell alleges that the trial counsel who

13 handled his penalty-phase retrial provided ineffective assistance of counsel by failing to

14 (1) challenge and rebut testimony that there was semen inside the victim; (2) make appropriate

15 objections to cumulative victim-impact evidence, and (3) make appropriate objections to

16 prosecutorial misconduct.[165]  Chappell exhausted each of these claims by fairly presenting their

17 substance in his second state habeas proceeding.[166]  While Chappell includes additional

18 allegations in each subclaim, they do not fundamentally alter the claims that were presented in

19

_____

20 [160] *Id.* at 158–71.

21 [161] *Id.* at 172–74.

   [162] ECF No. 89-8 at 24–29, 41–42.

22 [163] *Dickens*, 740 F.3d at 1317 (quoting *Aiken*, 841 F.2d at 883, 884 n.3).

23 [164] *See infra* at Section B.3.c.

   [165] ECF No. 64 at 209–11, 228–31, 231–35.

24 [166] ECF No. 89-8 at 29–31, 47–52.

1  that proceeding.  Thus, Claims Three(C)(1), (E)(1), and (E)(2) are not procedurally defaulted

2  because they were properly presented in the first post-conviction proceeding after Chappell's

3  penalty-phase retrial.  Those claims proceed to a merits determination.

4      **In Claim Three(E)(4)**, Chappell alleges that the trial counsel who handled his penalty-

5  phase retrial provided ineffective assistance of counsel by failing to make appropriate objections

6  to the improper impeachment of a defense witness, Fred Scott Dean.[167]  Chappell exhausted this

7  claim by presenting it in his second state habeas proceeding.[168]  The claim is not procedurally

8  defaulted because it was properly presented in the first post-conviction proceeding after

9  Chappell's penalty-phase retrial.  It proceeds to a merits determination.

10      **In Claim Six**, Chappell alleges that his conviction is unconstitutional because the state

11  engaged in purposeful discrimination by using peremptory strikes to remove both Black venire

12  members at Chappell's first trial.[169]  Chappell exhausted this claim by presenting it in his first

13  direct appeal.[170]  The claim is thus not procedurally defaulted, and it proceeds to a merits

14  determination.

15      **In Claim Nine**, Chappell alleges that his death sentence is unconstitutional because the

16  trial court erred by failing to strike biased prospective jurors for cause in his penalty-phase

17  retrial.[171]  Chappell identifies twelve prospective jurors that he claims should have been

18  dismissed for cause.  Chappell exhausted this claim in the direct appeal of his penalty-phase

19  retrial, only with respect to prospective jurors Button, Hibbard, and Ramirez.[172]  Otherwise,

20

_____

21  [167] ECF No. 64 at 237–39.

    [168] ECF No. 89-8 at 52–55.

22  [169] ECF No. 64 at 263–281.

23  [170] ECF No. 81-33 at 58–64.

    [171] ECF No. 64 at 311–325.

24  [172] ECF No. 87-4 at 50–56.

1  Chappell did not exhaust the claim until his third state habeas proceeding.[173]  Thus, the claim is

2  procedurally defaulted with respect to the allegations related to prospective jurors other than

3  Button, Hibbard, and Ramirez.  And, for reasons discussed below, that procedural default is not

4  excused.  So this claim will proceed to a merits determination on Chappell's arguments related to

5  Button, Hibbard, and Ramirez only.

6      **In Claim Ten(A)**, Chappell alleges that his conviction is unconstitutional because the

7  trial court erred by allowing the admission of prior-bad-act evidence.[174]  Chappell fairly

8  presented this claim to the Nevada Supreme Court in his first direct appeal.[175]  While

9  respondents contend that Chappell did not raise the claim as a federal constitutional violation in

10  that proceeding,[176] Chappell made a specific allegation that the trial court violated his due-

11  process rights guaranteed by the federal constitution.[177]  Thus, the claim is not procedurally

12  defaulted and proceeds to merits review.

13      **In Claim Ten(B)**, Chappell alleges that his conviction is unconstitutional because the

14  trial court erred by admitting inadmissible hearsay about the victim's state of mind.[178]  Chappell

15  exhausted this claim by fairly presenting it in his first direct appeal.[179]  Thus, the claim is not

16  procedurally defaulted and proceeds to merits review.

17

18

19

---

20  [173] ECF No. 91-1 at 154–60.

21  [174] ECF No. 64 at 326–343.

    [175] ECF No. 81-33 at 39–48.

22  [176] ECF No. 96 at 79.

23  [177] ECF No. 81-33 at 47.

    [178] ECF No. 64 at 343–45.

24  [179] ECF No. 81-33 at 49–50.

**In Claim Ten(C)**, Chappell alleges that his conviction is unconstitutional because the trial court erred by admitting evidence of his misdemeanor arrest the day after the offense.[180]  In his first direct appeal, Chappell alleged that admission of the evidence ran afoul of Nevada law but he made no reference to a federal-law violation.[181]  Thus, he did not exhaust Claim 10(C) until his third state habeas proceeding.[182]  And because no adequate state bar precludes federal review of this guilt-phase claim, it proceeds to merits review.

**In Claim Ten(D)**, Chappell alleges that his conviction is unconstitutional because the trial court erred by admitting the bad-character evidence that he was an unemployed thief.[183]  Here again, Chappell alleged in his opening brief on direct appeal that admission of the evidence violated Nevada law, but he made no reference to a federal-law violation.[184]  So Chappell first exhausted Claim Ten(C) in his third state habeas proceeding,[185] and procedural default does not bar federal merits review.

**In Claim Eleven**, Chappell alleges that his conviction is unconstitutional because the State failed to prove beyond a reasonable doubt the charges of burglary, robbery, and first-degree murder.[186]  Chappell exhausted this claim by fairly presenting it in his first direct appeal.[187]  Thus, the claim is not procedurally defaulted and proceeds to a merits determination.

---

[180] ECF No. 64 at 345–46.

[181] ECF No. 81-33 at 50–52.

[182] ECF No. 89-28 at 278–79.

[183] ECF No. 64 at 345–46.

[184] ECF No. 81-33 at 52–56.

[185] ECF No. 89-28 at 279–80.

[186] ECF No. 64 at 350–58.

[187] ECF No. 81-33 at 64–73.

**In Claim Twelve**, Chappell alleges that his death sentence is unconstitutional because, in his penalty-phase retrial, the trial court allowed impermissible victim-impact evidence, including improper opinions and characterizations of the crime, testimony about the victim's comparative worth, and testimony that was unnecessarily cumulative.[188]  Chappell exhausted this claim in the direct appeal of his penalty-phase retrial.[189]  The claim is thus not procedurally defaulted and proceeds to review on the merits.

**In Claim Thirteen(A)**, Chappell alleges that his death sentence is unconstitutional because Nevada's death-penalty scheme results in the arbitrary and capricious infliction of the death penalty.[190]  Chappell partially exhausted this claim in his direct appeal following his penalty-phase retrial.[191]  He raised the remaining portion of the claim in his second state habeas proceeding.[192]  Because the Nevada Supreme Court addressed the merits of this claim in both proceedings, Claim Thirteen(A) is not procedurally defaulted and proceeds to merits review.[193]

**In Claim Thirteen(B)**, Chappell alleges that his death sentence is unconstitutional because Nevada has no real mechanism to provide for clemency in capital cases.[194]  Chappell exhausted this claim in his second state habeas proceeding.[195]  Because the Nevada Supreme

---

[188] ECF No. 64 at 359–64.

[189] ECF No. 87-4 at 63–66.

[190] ECF No. 64 at 365–73.

[191] ECF No. 87-4 at 47–50.

[192] ECF No. 89-8 at 59–60.

[193] ECF No. 88-9 at 6–9; ECF No. 89-20 at 3 n.1.

[194] ECF No. 64 at 373–74.

[195] ECF No. 89-8 at 62.

Court addressed the merits of the claim, Claim Thirteen(B) is not procedurally defaulted.[196]  But as explained *infra*, this claim is not cognizable in federal habeas and must be dismissed.[197]

**In Claim Thirteen(C)**, Chappell alleges that his death sentence is unconstitutional because the death penalty is cruel and unusual punishment under any circumstances.[198]  Chappell exhausted this claim in his second state habeas proceeding.[199]  Because the Nevada Supreme Court addressed the merits of the claim, Claim Thirteen(C) is not procedurally defaulted and proceeds to merits review.[200]

**In Claim Fifteen(B)**, Chappell alleges that his conviction is unconstitutional because, during the guilt phase of his trial, the prosecutor improperly commented on his post-arrest silence and improperly cross-examined Chappell regarding punishment.[201]  Chappell exhausted the portion this claim regarding the prosecutor's comments in his first direct appeal.[202]  He raised the issue of the prosecutor's allegedly improper cross-examination in his first state habeas proceeding, but only in the context of an IAC claim.[203]  In addition, the Nevada Supreme Court in that proceeding ruled that "direct appeal claims" were procedurally barred under NRS 34.810(1)(b)(2).[204]  While Chappell argues that the Nevada Supreme Court addressed the merits of the substantive claim by noting that the prosecutor's remarks were harmless beyond a

---

[196] ECF No. 89-20 at 3 n.1.

[197] *See infra* at Section C.

[198] ECF No. 64 at 374–75.

[199] ECF No. 89-8 at 60–61.

[200] ECF No. 89-20 at 3 n.1.

[201] ECF No. 64 at 386–88.

[202] ECF No. 81-33 at 85–86.

[203] ECF No. 83-39 at 42–43.

[204] ECF No. 83-52 at 10.

reasonable doubt," the court made no reference to the allegedly improper cross examination. [205]
Even so, this court will consider the claim on the merits because, for reasons explained supra, the
Nevada Supreme Court's reliance on NRS 34.810 in the first state habeas proceeding was not
adequate to bar federal review.

**In Claim Fifteen(E)**, Chappell alleges that his conviction is unconstitutional because,
during the guilt phase of his trial, the prosecutor improperly quantified reasonable doubt.[206]  He
raised this issue in his first state habeas proceeding, but only in the context of an IAC claim.[207]
The Nevada Supreme Court tangentially addressed the merits of the substantive claim by noting
that "the prosecutor's remarks were harmless beyond a reasonable doubt."[208]  In any case, the
claim is not procedural defaulted because NRS 34.810 was not an adequate bar to preclude
federal review, so this case proceeds to a determination on the merits.

**In Claim Sixteen(A)**, Chappell alleges that his death sentence is unconstitutional
because, during the penalty phase of his trial, the prosecutor improperly disparaged his
character.[209]  Chappell contends that he exhausted this claim in his second state habeas
proceeding, but he cites only to an ineffective-assistance claim that does not include the
allegedly improper remarks cited in Claim Sixteen(A).[210]  Thus, Claim Sixteen(A) was not
exhausted until Chappell's third state habeas proceeding.[211]  And because the Nevada Supreme

---

[205] ECF No. 108 at 256 (citing ECF No. 83-52 at 9).

[206] ECF No. 64 at 390–91.

[207] ECF No. 83-39 at 39–41.

[208] ECF No. 83-52 at 9.

[209] ECF No. 64 at 398–99.

[210] ECF No. 108 at 261 (citing ECF No. 89-8 at 47–48).

[211] ECF No. 89-28 at 317–18.

1  Court dismissed this penalty-phase claim based on an adequate and independent state ground, it

2  is subject to a procedural-default analysis.

3          **In Claim Sixteen(B) and (D)–(G)**, Chappell alleges that his death sentence is

4  unconstitutional because, during the penalty phase of his trial, the prosecutor (1) improperly

5  warned the jurors against being deceived by Chappell, (2) made inflammatory arguments in

6  opening and closing statements, (3) improperly commented on Chappell's right to remain silent,

7  (4) improperly stated the role of mitigating circumstances, and (5) made improper arguments

8  based on justice and mercy.[212]  Chappell exhausted each of these subclaims in his direct appeal

9  following his penalty-phase retrial.[213]  So Claims Sixteen(B) and (D)–(G) are not procedurally

10 defaulted and proceed to a merits determination.

11         **In Claim Eighteen**, Chappell alleges that his conviction is unconstitutional because, in

12 the guilt phase of his trial, the jury was drawn from a venire from which members of his race

13 were systematically excluded and unrepresented.[214]  Chappell exhausted this claim by fairly

14 presenting it in his first state habeas proceeding.[215]  Even though the claim differed significantly

15 from any claim Chappell had presented in his direct appeal, the Nevada Supreme Court held that

16 it had rejected "essentially" the same issue on direct appeal, so "the law of the case precludes

17 relitigation of the issue."[216]  Chappell challenges the adequacy of the law-of-the-case doctrine as

18 a procedural bar without any response from the state.[217]  So I conclude that Claim Eighteen is not

19 procedurally defaulted, and it proceeds to review on the merits.

20

---

21 [212] ECF No. 64 at 398–406.

   [213] ECF No. 87-4 at 67–81.

22 [214] ECF No. 64 at 425–30.

23 [215] ECF No. 83-39 at 46–47.

   [216] ECF No. 83-52 (citing *Hall v. State*, 535 P.2d 797, 798–99 (Nev. 1975)).

24 [217] ECF No. 108 at 267 (citing *Cone v. Bell*, 556 U.S. 449, 466 (2009).

**In Claim Nineteen**, Chappell alleges that his conviction is unconstitutional because counsel in his first direct appeal was inadequate for not raising the following claims alleged in his second amended federal petition: Claims Two(A)–(F), Six, Seven, and Fifteen(B), (D), and (E).[218] Chappell exhausted Claim Nineteen with respect to appellate counsel's failure to raise Claims Two(A), Two(B), Fifteen(B), and Fifteen(E) by fairly presenting them in his first state habeas proceeding.[219] In his second state habeas proceeding, Chappell again argued that appellate counsel was ineffective for not raising Claim Two(A) in his first direct appeal.[220] The remainder of Claim Nineteen was not presented until Chappell's third state habeas proceeding.[221] In any event, this guilt-phase claim is not procedural defaulted because NRS 34.810 was not an adequate bar to federal review. So it proceeds to a merits review.

**In Claim Twenty**, Chappell alleges that his death sentence is unconstitutional because counsel in his second direct appeal was ineffective for not raising the following claims alleged in his second amended federal petition:  Claims Four, Five, Eight, Nine, Twelve, Thirteen, Fourteen, Twenty-One, Twenty-Two, Twenty-Four, and Twenty-Five.[222] Chappell exhausted Claim Twenty with respect to appellate counsel's failure to raise Claim Twelve by fairly presenting it in his second state habeas proceeding.[223] The remainder of Claim Twenty was not presented until Chappell's third state habeas proceeding.[224] Thus, the claim is procedurally defaulted with respect to appellate counsel's failure raise any claim other than Claim Twelve.  I

---

[218] ECF No. 64 at 431–32.

[219] ECF No. 83-39 at 39–43, 48–49, 50–53.

[220] ECF No. 89-8 at 64–69.

[221] ECF No. 91-1 at 210–11.

[222] ECF No. 64 at 433–34.

[223] ECF No. 89-8 at 42–47.

[224] ECF No.89-28 at 345–46, ECF No. 91-1 at 210–11.

conclude *infra* that Chappell cannot overcome default for the barred portions of this claim, so it proceeds to merits review on the narrow ground that appellate counsel was ineffective for failing to raise Claim Twelve in Chappell's second direct appeal.

**In Claim Twenty-Three**, Chappell alleges that his conviction and sentence are unconstitutional because, in his first trial, the trial court erred by not striking the State's notice of intent to seek the death penalty.[225]  Chappell exhausted this claim by presenting it in his first direct appeal.[226]  Thus, the claim is not procedurally defaulted and proceeds to a merits review.

**In Claim Twenty-Five**, Chappell alleges that his death sentence is invalid because execution by lethal injection violates the constitutional prohibition against cruel and unusual punishment.[227]  Chappell exhausted this claim by presenting it in his second state post-conviction proceeding.[228]  Thus, the claim is not procedurally defaulted because it was properly presented in the first post-conviction proceeding after Chappell's penalty-phase retrial.  But as explained *infra*,[229] this claim is not cognizable in habeas so it must be dismissed.

**In Claim Twenty-Six**, Chappell alleges that his conviction and death sentence are unconstitutional due to cumulative errors in the admission of evidence and instructions, gross misconduct by state officials and witnesses, and the systematic deprivation of his right to the effective assistance of counsel.[230]  Respondents argue that this claim was not raised on appeal in any of Chappell's state proceedings.[231]  Regardless of whether Chappell fairly presented the

---

[225] ECF No. 64 at 443–46.

[226] ECF No. 81-33 at 73–84.

[227] ECF No. 64 at 452–74.

[228] ECF No. 89-8 at 57–59.

[229] *See infra* at Section C.

[230] ECF No. 64 at 475–77.

[231] ECF No. 96 at 94.

same claim he asserts in Claim Twenty-Six to the Nevada courts, this court is required by Ninth Circuit precedent to consider the cumulative impact of any substantial errors in determining whether he is entitled to habeas relief[232]—but only claims of error that are properly before the court.[233]

In sum, the following claims were not exhausted until Chappell's third state habeas proceeding: Claims One(C), (E)(2)–(3), (F), (G)(1)–(3), (H)(1)–(2), (J) (in part), and (K); Two(D)–(F); Three(B)(3), (B)(5)–(6), (C)(3)–(5), (D), (E)(3), and (E)(5); Five(B)–(D), Seven, Eight, Nine (in part), Ten(C)–(E), Thirteen(D), Fourteen, Fifteen(A), (C)–(D), and (F)–(H), Sixteen(A) and (C)–(D), Nineteen (in part), Twenty (in part), Twenty-One, Twenty-Two, and Twenty-Four.  For reasons explained above, Chappell's guilt-phase claims are not barred by the procedural-default doctrine even if they were not presented until Chappell's third state habeas proceeding, which means that the following claims survive for a determination on the merits: Claims One (C), One(E)(2), (3), One(F), One(G)(1), (2), (3), One(H)(1), (2), One(J) (in part), One(K), Two(D), Two(E), Two(F), Seven, Ten(C), Ten(D), Ten(E), Fifteen(A), Fifteen(C), Fifteen(D), Fifteen(F), Fifteen(G), Fifteen(H), Nineteen (in part), and Twenty-Four.

---

[232] *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002).

[233] Chappell also argues that cumulative-error claims are not cognizable in federal habeas proceedings.  ECF No. 96 at 101-02.  I reject this argument because the Ninth Circuit has consistently interpreted the Supreme Court's opinion in *Chambers v. Mississippi* to establish the basis for a cumulative-error claim.  *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial-court errors violates due process where it renders the resulting criminal trial fundamentally unfair." (quoting *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973) (cleaned up)); *see also, e.g.*, *Michaels v. Davis*, 51 F.4th 904, 935–36 (9th Cir. 2022) (analyzing cumulative-error claim on habeas review); *Noguera v. Davis*, 5 F.4th 1020, 1051–52 (9th Cir. 2021) (same).

1

2

                **b.**    *Chappell cannot show cause and prejudice to overcome default for claims he should have raised in his second direct appeal.*

3           Having concluded that the Nevada Supreme Court's dismissal of penalty-phase claims

4 under NRS 34.810 in Chappell's third state habeas proceeding is adequate to bar federal review,

5 this court may not consider the remaining claims on the merits unless Chappell can demonstrate

6 that the procedural default should be excused.  Of those claims, Claims Five(B)–(D), Eight, Nine

7 (in part), Thirteen(D), Fourteen, Sixteen(A) and (C)–(D), Twenty (in part), Twenty-One, and

8 Twenty-Two are all claims that were defaulted when Chappell failed to raise them in his direct

9 appeal following his penalty-phase retrial and again when he failed to raise them in the post-

10 conviction proceeding that followed (i.e., his second state habeas petition).

11           To demonstrate cause to overcome procedural default, the petitioner must "show that

12 some objective factor external to the defense impeded" his efforts to comply with the state

13 procedural rule.[234]  For cause to exist, the external impediment must have prevented the

14 petitioner from raising the claim.[235]  With respect to the prejudice prong, the petitioner bears "the

15 burden of showing not merely that the errors [complained of] constituted a possibility of

16 prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire

17 [proceeding] with errors of constitutional dimension."[236]

18           In *Martinez v. Ryan*, the U.S. Supreme Court ruled that ineffective assistance of post-

19 conviction counsel may serve as cause to overcome the procedural default of a claim of

20 ineffective assistance of trial counsel.[237]  The High Court noted that it had previously held in

21

---

22 [234] *Murray*, 477 U.S. at 488.

[235] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

23 [236] *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S.

24 152, 170 (1982)).

[237] *Martinez v. Ryan*, 566 U.S. 1 (2012).

1  *Coleman v. Thompson* that "an attorney's negligence in a post-conviction proceeding does not

2  establish cause" to excuse a procedural default.[238]  The *Martinez* Court then "qualif[ied]

3  *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review

4  collateral proceedings may establish cause for a prisoner's procedural default of a claim of

5  ineffective assistance at trial."[239]  The Court described "initial-review collateral proceedings" as

6  "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance

7  at trial."[240]

8          Chappell argues that his defaults can be excused due to ineffective assistance of appellate

9  counsel or post-conviction counsel in his second state habeas proceeding.[241]  As to the former,

10 Chappell makes no effort to substantiate why appellate counsel was ineffective for failing to

11 raise these claims,[242] and the Nevada Supreme Court concluded that the claims were defaulted

12 due to Chappell's failure to raise the claims not only in his direct appeal, but also in his prior

13 post-conviction petition.[243]  As for relying on ineffective assistance of post-conviction counsel as

14 cause, *Martinez* and its progeny make clear that such ineffectiveness can serve as cause only for

15 ineffective-assistance-of-*trial*-counsel claims.[244]  So I conclude that the procedural default for

16

17

18

---

19 [238] *Id.* at 15 (citing *Coleman*, 501 U.S. at 746–47).

20 [239] *Id.* at 9.

   [240] *Id.* at 8.

21 [241] ECF No. 108 at 56–73.  Chappell also raises several other grounds for excusing his defaults,
22 which I have considered and find to be without merit or inapplicable to these particular claims.
   *Id.* at 73–83.

23 [242] ECF No. 64 at 433–44, ECF No. 108 at 56–57.

   [243] ECF No. 92-3 at 5.

24 [244] *See Martinez*, 566 U.S. at 16; *Davila v. Davis*, 582 U.S. 521, 529 (2017).

Claims Five(B)–(D), Eight, Nine (in part), Thirteen(D), Fourteen, Sixteen(A) and (C)–(D), Twenty (in part), Twenty-One, and Twenty-Two is not excused, and I dismiss those claims.[245]

    c. *This court defers decision on whether Chappell can overcome procedural default for the defaulted subparts of Claim Three.*

  As for ineffective assistance of post-conviction counsel excusing the default of Chappell's claims that he received ineffective assistance of counsel in his penalty–phase retrial— i.e., Claims Three(B)(3), (5), (6), Three(C) (3), (4), (5), Three(D), Three(E)(3), and Three(E)(5)—this court typically defers resolution of the cause-and-prejudice inquiry for such claims until the parties have completed merits briefing on the ineffective-assistance-of-trial counsel claims in an answer and reply. As Chappell notes, "this sensible approach recognizes" that the cause-and-prejudice analysis for overcoming procedural default under *Martinez* "will be intertwined with the question of the merits of the claim itself, such that the procedural default issue will be better addressed in conjunction with the merits of the claim.'"[246] Thus, I defer the *Martinez* analysis of Claims Three(B)(3), (5), (6), Three(C) (3), (4), (5), Three(D), Three(E)(3), and Three(E)(5) until those claims have been briefed on their merits.

---

[245] Chappell also argues that a fundamental miscarriage would result if his claims were not heard on their merits because he is actually innocent of the crimes for which he was convicted and the aggravating circumstance used to support his death sentence. ECF No. 108 at 81–83. I explain why that argument fails in my discussion below regarding his motions for evidentiary hearing and discovery. *See infra* at Section E.

[246] ECF No. 108 at 60 (quoting ECF No. 179 at 20 in *Green v. Gittere*, No. 2:07-cv-00304-MMD-DJA (D. Nev. Nov. 22, 2021); citing ECF No. 139 at 22 in *Moore v. Gittere*, 2:13-cv-00655-JCM-DJA (D. Nev. Feb. 26, 2021), and then citing ECF No. 301 at 74 in *Doyle v. Filson*, 3:00-cv-00101-RCJ-WGC, ECF No. 301 at 74 (D. Nev. May 23, 2018)).

**C.    Three of Chappell's claims are not cognizable in federal habeas.**

Respondents argue that Claims Thirteen(B), Twenty-One, Twenty-Two, Twenty-Three, and Twenty-Five are not cognizable in a federal habeas proceeding.[247]  A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[248]  Claims that concern the conditions of a prisoner's confinement or "would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus"[249] and typically must be brought instead as civil-rights claims under 42 U.S.C. § 1983.[250]

As noted above, **Claim Thirteen(B)** alleges that Chappell's death sentence is unconstitutional because Nevada has no real mechanism to provide for clemency in capital cases.[251]  Respondents argue that this claim is not cognizable because 28 U.S.C. § 2254 cannot be used "to challenge the process by which clemency decisions are made when issuance of a writ would not actually or impliedly invalidate a sentence."[252]  Indeed, any constitutional defect in Nevada's clemency procedures played no role in the decision to sentence Chappell to death.  Instead, the clemency procedures are a condition impacting his current sentence.  A determination by this court that the procedures are constitutionally deficient would not invalidate Chappell's death sentence, so Claim Thirteen(B) must be brought (if at all) in a civil-rights action under § 1983, not in a habeas proceeding.

---

[247] ECF No. 96 at 99–101.

[248] 28 U.S.C. § 2254(a).

[249] *Pinson v. Carvajal*, 69 F.4th 1059, 1071 (9th Cir. 2023).

[250] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).

[251] ECF No. 64 at 373–74.

[252] ECF No. 96 at 99.

**In Claim Twenty-One**, Chappell alleges that his conviction and death sentence are unconstitutional because his criminal proceedings were conducted before judges whose tenure in office was not dependent on good behavior, but instead upon popular election.[253]  Respondents argue that this claim is not cognizable because no federal court has ever held that popularly elected judges presiding over a criminal proceeding violates the constitution.[254]  However, as Chappell points out, this argument goes to the merits of the claim.  So Claim Twenty-One is not subject to dismissal on cognizability grounds.

**In Claim Twenty-Two**, Chappell alleges that his death sentence is unconstitutional due to the conditions of his confinement on death row.[255]  Respondents argue that this claim is not cognizable because claims challenging conditions of confinement, as opposed to the validity or duration of confinement, must be brought as a civil-rights action.[256]  Because Claim Twenty-Two, if successful, would not invalidate Chappell's sentence, it must be dismissed for failing to state a claim for federal habeas relief.

**Claim Twenty-Three** alleges that Chappell's conviction and sentence are unconstitutional because, in his first trial, the trial court erred by not striking the State's notice of intent to seek the death penalty.[257]  Respondents argue that the claim is not cognizable because it is based on the Fifth Amendment's Grand Jury Clause, which has not been made applicable to the states under the Fourteenth Amendment.[258]  Here again, respondents' argument goes to the

---

[253] ECF No. 64 at 435–39.

[254] ECF No. 96 at 99.

[255] ECF No. 64 at 440–42.

[256] ECF No. 96 at 99–100.

[257] ECF No. 64 at 443–46.

[258] ECF No. 96 at 100.

1   merits of the claim. So, Claim Twenty-Three is not subject to dismissal on cognizability

2   grounds.

3        **Claim Twenty-Five** alleges that Chappell's death sentence is invalid because execution

4   by lethal injection violates the constitutional prohibition against cruel and unusual punishment.[259]

5   Under current authority, Chappell's lethal-injection challenge is not cognizable in habeas and

6   must instead be brought as civil-rights action under § 1983. In both *Nelson v. Campbell* and *Hill*

7   *v. McDonough*, the U.S. Supreme Court concluded that § 1983 is an appropriate vehicle for

8   method-of-execution claims that, if successful, would not invalidate the plaintiff's sentence

9   because the state could use an alternative constitutional method to implement the sentence.[260]

10  Later in *Glossip v. Gross*, the High Court characterized its holding in *Hill* as requiring a method-

11  of-execution claim to "be brought under § 1983 because such a claim does not attack the validity

12  of the prisoner's conviction or death sentence."[261] And more recently, the Court confirmed in

13  *Nance v. Ward* that § 1983 is the appropriate vehicle for a method-of-execution challenge, even

14  if state law does not authorize an alternative method of execution.[262] Absent controlling

15  authority that Chappell's challenge to Nevada's lethal-injection protocol belongs in a habeas

16  proceeding rather than a § 1983 action, Claim Twenty-Five must be dismissed for failing to state

17  a claim for federal habeas relief.

18

19

20

21  [259] ECF No. 64 at 452–74.

22  [260] *Nelson v. Campbell*, 541 U.S. 637, 645–46 (2004); *Hill v. McDonough*, 547 U.S. 573, 579–80
    (2006). *See also Beardslee v. Woodford*, 395 F.3d 1064, 1068–69 (9th Cir. 2005) (finding that
23  "a § 1983 action is a proper vehicle by which to challenge a method of execution").

24  [261] *Glossip v. Gross*, 576 U.S. 863, 879 (2015) (citing *Hill*, 547 U.S. at 579–80).

    [262] *See Nance v. Ward*, 597 U.S. 159 (2022).

**D.      Claim Thirteen(D) must be dismissed as untimely.**

The Antiterrorism and Effective Death Penalty Act imposes a one-year filing period for § 2254 habeas petitions in federal court.[263]  The one-year period begins to run from the latest of four possible triggering dates, with the one applicable in this case being the date on which the petitioner's state-court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review).[264]  Pleading amendments relate back to the date of a prior timely pleading "when the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the [prior] pleading.'"[265]  An amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition.[266]  The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence," for the purposes of Rule 15(c), will consist of each separate set of facts that supports a ground for relief.[267]

Respondents argue that that Claim Thirteen(D) must be dismissed because Chappell's second amended petition was filed beyond the one-year filing period and the claim does not relate back to Chappell's initial or first amended petition.[268]  In Claim Thirteen(D), Chappell alleges that his death penalty is unconstitutional because Nevada's death penalty "is applied discriminatorily against African-American males with White victims."[269]

---

[263] 28 U.S.C. § 2244(d)(1).

[264] *See id.*

[265] *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (applying and quoting Fed. Rule of Civ. Proc. 15(c)(1)(B) in the habeas context).

[266] *Id.* at 664.

[267] *Id.* at 661.

[268] ECF No. 96 at 39–41, ECF No. 99.

[269] ECF No. 64 at 376.

Chappell does not dispute that he filed his second amended petition after the one-year deadline imposed by § 2244(d)(1), but he argues that Claim Thirteen(D) relies on the same "occurrence" set out in his prior, timely petitions.[270]  Neither of the claims he cites in his initial petition and his first amended petition contain the operative facts upon which Claim Thirteen(D) is based, however.  Thus, the claim is untimely in addition to being procedurally defaulted.

**E.    Chappell's Motions for discovery and an evidentiary hearing are denied.**

> **1.    *Chappell's evidentiary-hearing request does not satisfy the limitations in 28 U.S.C. § 2254(e)(2)*.**

Chappell moves for an evidentiary hearing to assist him in overcoming procedural bars to his claims by showing (1) cause and prejudice due to the ineffective assistance of prior counsel and (2) that a fundamental miscarriage would result if his claims were not heard on the merits.[271]  For all but a few claims, the need for a hearing for this purpose has been rendered moot by my rulings above rejecting the State's assertions that Chappell's claims are procedurally barred.  For the claims that are barred from this court's review absent a showing that his procedural default should be excused, Chappell has not overcome the limitation on evidentiary hearings in habeas cases imposed by 28 U.S.C. § 2254(e)(2).

"If a prisoner has failed to develop the factual basis of a claim in State court proceedings, a federal court shall not hold an evidentiary hearing on the claim unless the prisoner satisfies one of two narrow exceptions and demonstrates that the new evidence will establish his innocence 'by clear and convincing evidence.'"[272]  In *Shinn v. Ramirez*, the U.S. Supreme Court held that the equitable rule announced in *Martinez* does not permit a federal court to dispense with the

---

[270] ECF No. 108 at 249–51 (citing ECF No. 1 at 161–65 and ECF No. 24 at 293–301).

[271] ECF No. 110.

[272] *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (cleaned up).

1    limits imposed by § 2254(e)(2) "because a prisoner's state post-conviction counsel negligently

2    failed to develop the state-court record."[273]  Thus, if a prisoner is "at fault" or "bears

3    responsibility" for the undeveloped state court record, "a federal habeas court may not conduct

4    an evidentiary hearing or otherwise consider evidence beyond the state-court record based on

5    ineffective assistance of state post-conviction counsel."[274]  The Court in *Ramirez* held that "if

6    [§ 2254(e)(2)] applies and the prisoner cannot satisfy its 'stringent requirements,' a federal court

7    may not hold an evidentiary hearing—or otherwise consider new evidence—to assess cause and

8    prejudice under *Martinez*."[275]

9          Chappell makes no argument that § 2254(e)(2) does not foreclose an evidentiary hearing

10   in this court because he did not fail to develop the factual bases for his claims in the Nevada

11   courts.  Instead he contends that "the issue of appellate or post-conviction counsel's ineffective

12   assistance in order to overcome default is not a 'claim' for purposes of analysis under 28 U.S.C.

13   § 2254(e)(2)."[276]  While the *Ramirez* Court declined to address whether "a '*Martinez* hearing' is

14   . . . a 'hearing on the claim'" for the purposes of § 2254(e)(2),[277] in *McLaughlin v. Oliver,* the

15   Ninth Circuit recognized that, after *Ramirez*, its prior decision to remand the case to the district

16   court to consider new evidence to assess cause and prejudice under *Martinez*, notwithstanding

17   § 2254(e)(2), "no longer remains good law."[278]  Thus, because Chappell has made no showing

18   that this court is not constrained by § 2254(e)(2), I deny his request for a hearing on the issue of

19   cause and prejudice under *Martinez*.

20

---

21   [273] *Id.*

[274] *Id.* at 382.

22   [275] *Id.* at 389 (cleaned up).

23   [276] ECF No. 110 at 6.

[277] *Ramirez*, 596 U.S. at 388.

24   [278] *McLaughlin v. Oliver*, 95 F.4th 1239, 1250 (9th Cir.), *cert. denied*, 145 S. Ct. 598 (2024).

As for a hearing to determine whether a fundamental miscarriage of justice would result if the court does not consider his claims on the merits, Chappell claims that an evidentiary hearing would allow him to demonstrate that he is actually innocent of the crimes for which he was convicted and the aggravator used to support his death penalty.  A petitioner can overcome the procedural default of a claim, or a statute of limitations bar of a claim, by showing that he is actually innocent.[279]  To demonstrate actual innocence under the U.S. Supreme Court's standard articulated in *Schlup v. Delo*, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[280]  He must also "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."[281]  To establish actual innocence of the death penalty, a petitioner "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law."[282]

Section 2254(e)(2) does not present an obstacle to holding an evidentiary hearing on Chappell's claims of actual innocence because the U.S. Supreme Court has held that the provision is "inapplicable" to such claims.[283]  Even so, I am not persuaded that an evidentiary hearing on Chappell's claims of actual innocence is warranted.  The *Schlup* standard is rarely met.[284]  The Ninth Circuit has observed that "precedents holding that a habeas petitioner satisfied

---

[279] *See Schlup v. Delo*, 513 U.S. 298 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (application to limitations bar); *Sawyer v. Whitley*, 505 U.S. 333, 345 (1992) (actual innocence with respect to death penalty).

[280] *Schlup*, 513 U.S. at 324.

[281] *Id*. at 327.

[282] *Sawyer*, 505 U.S. at 336.

[283] *House v. Bell*, 547 U.S. 518, 539 (2006).

[284] *See Perkins*, 569 U.S.at 386 ("tenable actual-innocence gateway pleas are rare"); *House*, 547 U.S. at 522 (2006) (noting that the *Schlup* exception is available only in "certain exceptional

its strictures have typically involved dramatic new evidence of innocence."[285]  Here, Chappell's claim that he is innocent of the crimes of which he was convicted is not based on any new evidence, but instead consists of a challenge to the sufficiency of evidence presented at trial.[286] Similarly, Chappell's claim that he is innocent of the death penalty is based on challenges to his trial counsel's performance, the sufficiency of the evidence, and alleged evidentiary errors committed by the trial court.[287]  As discussed below, he speculates that he may be able to obtain favorable evidence with leave to conduct discovery, but he has not shown a significant likelihood that discovery will produce compelling evidence of his actual innocence.  So, I deny his request for an evidentiary hearing for that purpose.

### 2.    *Chappell hasn't shown good cause to engage in discovery, so his motion for discovery is denied.*

Chappell seeks leave to conduct discovery for the same reasons he asks for an evidentiary hearing "to demonstrate: (1) a fundamental miscarriage of justice would occur were his claims not afforded merits review; and (2) [that] his first and second state post-conviction counsel provided ineffective assistance."[288]  He asks for permission to serve a subpoena duces tecum on

---

cases involving a compelling claim of actual innocence"); *Schlup*, 513 U.S. at 327 (observing that evidence sufficiently reliable to support a claim of actual innocence "is obviously unavailable in the vast majority of cases" and, therefore, "claims of actual innocence are rarely successful").

[285] *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013); *see, e.g.*, *House*, 547 U.S. at 540–41, 548 (*Schlup* standard met in which in which petitioner presented new DNA evidence that established that semen found on the murder victim actually came from the victim's husband, which, together with evidence that victim's husband had a history of violence toward his wife, raised inference that husband, rather than petitioner, "could have been the murderer"); *Carriger v. Stewart*, 132 F.3d 463, 471–72 (9th Cir. 1997) (*Schlup* standard met in case in which chief prosecution witness confessed in open court that he (and not petitioner) committed the murder), *cert. denied*, 523 U.S. 1133 (1998)).

[286] ECF No. 110 at 14 (citing ECF No. 64 at 350–58).

[287] Id. (citing ECF No. 64 at 208–18, 246–53, 409–16).

[288] ECF No. 111 at 4.

48

1  five entities: (1) the Las Vegas Metropolitan Police Department (Metro), (2) the Clark County

2  District Attorney, (3) the Clark County Department of Family Services, (4) the Clark County

3  Detention Center, and (5) Bode Cellmark Forensics.

4      "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

5  discovery as a matter of ordinary course."[289]  Instead, he must demonstrate good cause, which

6  exists when "specific allegations before the court show reason to believe that the petitioner may,

7  if the facts are developed, be able to demonstrate that he is . . . entitled to relief."[290]  Habeas

8  petitioners may not "use federal discovery for fishing expeditions to investigate mere

9  speculation."[291]

10      The conclusion above that Chappell's IAC claims related to the guilt phase are not

11  procedurally defaulted makes unnecessary any discovery geared toward establishing that the

12  default of those claims should be excused.  As for discovery to support Chappell's *Martinez*

13  claims related to the penalty phase, the Supreme Court has made clear that, before facilitating the

14  gathering of new evidence, this court "must consistent with AEDPA, determine at the outset

15  whether the new evidence sought could be lawfully considered."[292]  Because § 2254(e)(2)

16  forecloses a hearing on whether the default of IAC claims related to the penalty phase should be

17  excused under *Martinez*, I will not be able to consider any new evidence bearing on that issue.

18  So I must deny Chappell's request to conduct discovery in pursuit of that evidence.  To do

19

20

21

---

22  [289] *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

    [290] *Id*. at 908–909 (alteration in original) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

23  [291] *Calderon v. U.S. Dist. Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citation
    omitted).

24  [292] *Shoop v. Twyford*, 596 U.S. 811, 820 (2022).

1  otherwise would "prolong federal habeas proceedings with no purpose," which "would in turn

2  disturb the state's significant interest in repose for concluded litigation."[293]

3      With respect to demonstrating that he is actually innocent, Chappell does not specify

4  what proposed discovery is designed for that specific purpose as opposed to developing his

5  *Martinez* claims.  To support his discovery motion in general, he contends that the various

6  entities from which he is seeking discovery *may* have evidence that the defense could have used

7  to undermine the state's case.  For example, he speculates that Metro's evidence vault may

8  contain evidence that mail was being sent to him at the victim's residence that could have been

9  used to create a reasonable doubt that he was guilty of burglary.[294]  He also claims that the state

10 failed to disclose evidence that could have been used to impeach one of its main witnesses.[295]  In

11 relation to the sexual-assault aggravating circumstance, Chappell asserts that raw data from the

12 lab that provided evidence that his semen was found inside the victim could show that the tested

13 sample came from pre-ejaculate fluid instead of a complete ejaculation, which would corroborate

14 Chappell's testimony at trial that the sexual encounter was consensual.[296]

15     In sum, Chappell's discovery request is nothing more than an open-ended fishing

16 expedition.  While it could produce evidence that may have assisted his defense at trial, Chappell

17 has not demonstrated any significant likelihood that it will produce the type of evidence

18 necessary to meet the *Schlup* standard.  "Federal courts are not forums in which to relitigate state

19 trials,"[297] and "latter-day evidence brought forward to impeach a prosecution witness will

20 seldom, if ever, make a clear and convincing showing that no reasonable juror would have

21

---

22 [293] *Id.* (cleaned up).

[294] ECF No. 111 at 11–12.

23 [295] *Id.* at 21.

24 [296] *Id.* at 20.

[297] *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).

believed the heart of [the witness's testimony]."[298]  Because Chappell has not shown good cause to permit the delay and expenditure of resources that his proposed discovery would involve, I deny his motion for leave to conduct discovery.

**Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss **[ECF No. 96] is GRANTED in part and DENIED in part:**

- The following claims in petitioner's second-amended habeas petition are **dismissed as procedurally defaulted**: Claims Five(B), Five(C), Five(D), Eight, Nine (with respect to arguments related prospective jurors other than Button, Hibbard, and Ramirez only), Thirteen(D), Fourteen, Sixteen(A), Sixteen(C), Seventeen(D), Twenty (with respect to appellate counsel's failure to raise any claim other than Claim Twelve), Twenty-One, and Twenty-Two;

- Claims Thirteen(B), Twenty-Two, and Twenty-Five are **dismissed because they are not cognizable** in a federal habeas proceeding.

- Claim Thirteen(D) is **dismissed as untimely**;

- The court reserves judgment pending the completion merits briefing as to whether Claims Three(B)(3), (5), (6), Three(C) (3), (4), (5), Three(D), Three(E)(3), and Three(E)(5) are procedurally defaulted;

- In all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that Chappell's motion for evidentiary hearing **[ECF No. 110]** and motion for discovery **[ECF No. 111] are DENIED**.

---

[298] *Sawyer*, 505 U.S. at 349.

1    **IT IS FURTHER ORDERED** that that respondents have until **January 28, 2026,** to file

2    an answer responding to the remaining claims in Chappell's second amended habeas corpus

3    petition (ECF No. 64).  In all other respects, the schedule set forth in the December 20, 2022,

4    order (ECF No. 58) remains in effect.

5    _____
     U.S. District Judge Jennifer A. Dorsey
6    September 30, 2025